Curtis E. Campbell Gray County Attorney 222 S. Main Cimarron, Kansas 67835
Dear Mr. Campbell:
As Gray county attorney, you seek our opinion concerning the schedule of fees imposed by the county for the purpose of financing the costs of disposing of solid waste generated within the county. Specifically, you ask us to determine whether county resolutions adopting fee schedules for 1993 and subsequent years classify the real property upon which the fees are assessed in the manner required by K.S.A. 65-3410. You also ask whether the resolutions violate the equal protection clause of the United States constitution.
The resolutions in question establish "landfill fees" on various categories of real property for the purpose of financing the county's cost of collecting and disposing of solid waste in a landfill facility. The two resolutions are identical except that the fees assessed for 1993 are higher than those established for 1994 and subsequent years.
The most recent resolution imposes a flat annual fee of $48.00 on each homesite, residence, apartment, mobile home hookup, and business located in an urban area. No fee is assessed on vacant lots in urban areas.
For rural property, a flat annual fee of $175.00 is established for each homesite, residence, apartment, mobile home hookup, and business. However, no fee is assessed for rural agricultural farmland. The resolutions provide that a licensed commercial waste company is to collect solid waste from rural residences and businesses. The annual fee established by the county for rural properties is based on the use of one solid waste disposal container. If a rural residence or business uses more than one container, an additional fee is paid directly to the licensed commercial waste collector for the additional service. However, the amount assessed and collected by the county is the same for each rural parcel for which solid waste fees are payable.
K.S.A. 65-3410 authorizes counties to establish fees on real property within the county's solid waste service area in order to generate revenue to finance solid waste collection and disposal services provided by the county. If a county elects to establish such fees, the statute explicitly requires the county to classify the real property on which the fees are assessed:
 "In establishing the schedule of fees, the board of county commissioners shall classify the real property within the county solid waste service area based upon the various uses to which the real property is put, the volume of waste occurring from the different land uses and any other factors that the board determines would reasonably relate the waste disposal fee to the real property upon which it would be imposed.
 "The board shall set a reasonable fee for each category established. . . . The board shall impose the appropriate fee upon each division of land and provide for the billing and collection of such fees."
We recently addressed a similar question in Attorney General Opinion No. 95-43. Washington county had adopted a resolution establishing a flat fee for all residences and another flat fee for all businesses within the county. After considering prior interpretations of the statute by state and federal courts and previous opinions issued by this office, we concluded that Washington county's solid waste fee schedule did not comply with the statute because it failed to classify the real property on which the fees were imposed on the basis of factors reasonably related to the amount of the solid waste fee assessed.
As we noted in addressing the Washington county solid waste fee structure, the statute gives the board of county commissioners considerable discretion to identify factors the board determines would reasonably relate the waste disposal fee to the real property on which it is assessed. Nevertheless, the statuterequires the county to consider at least two specific factors: (1) the various uses to which the property is put and (2) the volume of solid waste generated from the different land uses. For example, a retail grocery business, feed store, or restaurant could be expected to generate more solid waste than a retail jewelry store or a single-family residence.
The amount of the solid waste disposal fee established by Gray county depends solely on the urban or rural character of the real property, except that no fees are imposed on vacant lots in urban areas or on agricultural farmland in rural areas. The county's fee schedule otherwise makes no attempt whatsoever to distinguish properties depending upon the use made of the property and the associated amount of solid waste generated. Instead, a flat fee is established for each of two broad categories of property, regardless of the nature of a particular business located on a parcel or the volume of waste that could be expected to be generated by the use made of the property. Under the resolutions, for example, the same solid waste disposal fee would be assessed for an urban apartment as for a large urban manufacturing business, despite obvious differences in the amount of solid waste generated.
We conclude that the fee schedule adopted by Gray county does not adequately distinguish real property "on the basis of the various uses to which the property is put and the volume of waste occurring from the different land uses," and therefore fails to reasonably relate the amount of the solid waste fee to the real property on which it is imposed, as required by K.S.A. 65-3410(a). Having concluded that the schedule of landfill fees adopted by Gray county does not comply with the statutory classification requirement, we need not address and therefore do not reach the issue of whether the fee schedule violates the equal protection clause. See Uhl v. Ness City, Kansas, 590 F.2d 839, 841 (10th Cir. 1979) (constitutional questions should not be addressed absent compelling necessity, as where challenged method for collecting solid waste fees is inconsistent with method set forth in K.S.A. 65-3410); City of Prairie Village v. Hogan,253 Kan. 423, 429-30 (1993) (constitutional challenge to statute or ordinance will not be considered if decision can be based upon other grounds).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas